# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THREE RIVERS PROVIDER NETWORK, INC.,

        Plaintiff(s),

v.

JETT INTEGRATION and JEFF OTT,

        Defendant(s).

2:13-CV-1867 JCM (PAL)

### ORDER

Presently before the court is a motion to dismiss or transfer filed by defendants Jett Integration and Jeff Ott. (Doc. # 7). Plaintiff Three Rivers Provider Network, Inc. filed a response in opposition, (doc. # 11), and defendants filed a reply, (doc. # 13).

On January 7, 2014, Magistrate Judge Leen ordered that discovery take place in this matter, limited to a two-hour deposition of defendant Ott regarding issues related to personal jurisdiction. (Doc. # 21). Following this limited discovery, defendants filed an addendum to their motion, (doc. # 28), and plaintiff filed a supplemental response, (doc. # 30).

In this action, plaintiff alleges that it contracted with defendants to provide software security, and that defendants wrongfully used their access to plaintiff's information to steal trade secrets. (Doc. # 1 p. 3). Furthermore, the complaint alleges that defendants over-billed plaintiff by more than $1.2 million during the course of the relationship. *Id.*

. . .

**James C. Mahan**
**U.S. District Judge**

In the instant motion defendants argue, *inter alia*, that the court should dismiss or transfer this action based on improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. section 1406(a). In support of their motion, defendants refer to a clause of the Hosting Services Agreement between plaintiff and defendants which states, "Exclusive venue for all disputes arising out of the Agreement shall be in the state or federal courts in San Diego County, San Diego, and we each agree not to bring an action in any other venue." (Doc. # 7 p. 24).

Forum selection clauses in contracts are "presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)). A forum selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15.

Plaintiff argues the forum selection clause should not be enforced because plaintiff generally had a policy of requiring third-party vendors to "agree that any dispute arising between [plaintiff] and the vendor will be governed by Nevada law, with both parties binding themselves under Nevada law and to a forum adjudicating Nevada law." (Doc. # 11 p. 2). Plaintiff also claims, without referring to any supporting documents, that defendants "were aware that any contractual dispute between a third party and [plaintiff] would be governed by Nevada law" and would be adjudicated in Nevada. (Doc. # 11 p. 8).

Despite plaintiff's claims that defendants were aware of its 'established policy' requiring that claims be brought in Nevada, plaintiff brings forth no evidence to put the validity of the forum selection clause in doubt. Plaintiff admits that the Hosting Services Agreement was signed by Todd Breeden, who was plaintiff's authorized agent at the time the agreement was executed. Though plaintiff states that the forum selection clause at issue was never reviewed by its general counsel, (doc. # 30 p. 3), plaintiff presents no documentation to indicate that any forum other than California was ever discussed by the parties in this case. Thus, because the language of the forum selection clause is unambiguous, and plaintiff presents no evidence of fraud or undue influence and does not

**James C. Mahan**
**U.S. District Judge**

- 2 -

argue that it will face extreme difficulty in the selected forum, the court finds that the forum selection clause is valid and enforceable.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss or transfer (doc. # 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that in the interest of justice, this case be transferred to the Southern District of California.

DATED April 30, 2014.

_____
**UNITED STATES DISTRICT JUDGE**